**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

BRIAN KIRKBRIDE,
        Appellant,

      v.

DEPARTMENT OF VETERANS
    AFFAIRS,
        Agency.

DOCKET NUMBER
AT-0752-22-0475-I-1

DATE: April 10, 2024

# THIS ORDER IS NONPRECEDENTIAL[1]

Shane Robertson, Esquire, Dallas, Texas, for the appellant.

Dana C Heck, Esquire, Saint Petersburg, Florida, for the agency

Teri Walker, Esquire, Decatur, Georgia, for the agency.

**BEFORE**

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

**REMAND ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which dismissed his appeal challenging the agency's cancellation of his promotion for lack of jurisdiction. For the reasons discussed below, we GRANT the appellant's petition for review, VACATE the initial decision, and REMAND the case to the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

Atlanta Regional Office for further adjudication in accordance with this Remand Order.

## BACKGROUND

¶2      On August 27, 2021, the agency's Facilities Management Services (FMS) posted a vacancy announcement for a GS-12 Lead Biomedical Equipment Support Specialist (Lead BESS) at the Orlando Veterans Affairs Healthcare System (VAHS). Initial Appeal File (IAF), Tab 9 at 131-43. The appellant, who was working as a GS-11 Biomedical Equipment Support Specialist at the Orlando VAHS, applied for the Lead BESS position and was selected. *Id*. at 102. The appellant confirmed to the agency's Human Resources (HR) Specialist that he accepted the promotion, he completed the Declaration for Federal Employment, Optional Form 306, for the position, and he received an official job offer from the agency that confirmed his promotion to Lead BESS with an effective date of November 7, 2021, and a reporting date of November 8, 2021. *Id*. at 127-28; IAF, Tab 21 at 7-8, Tab 28-1 (testimony of the appellant).

¶3      Meanwhile, the applicants who had not been selected for the Lead BESS position complained of unfair hiring practices to the Orlando VAHS Medical Center Director and the Associate Medical Center Director. IAF, Tab 9 at 107-08, 116-17. As a result of the allegations, the Associate Medical Center Director initiated a fact-finding investigation and directed the FMS Chief "to delay the effect[ive] date of the [appellant's] promotion action" pending the outcome of the investigation. *Id*. at 107-08, 113. However, no one within the agency instructed the HR Specialist, who was processing the appellant's promotion, to delay the action. *Id*. at 97; IAF, Tab 28-2 (testimony of the HR Specialist). Therefore, the HR Specialist processed the appellant's promotion, which was effective November 7, 2021, and confirmed that the appellant reported for duty as the Lead BESS on November 8, 2021. IAF, Tab 9 at 97, 102, Tab 21 at 7-8.

¶4          On January 13, 2022, the Associate Medical Center Director learned that the appellant had "received his promotion both in title and pay." IAF, Tab 9 at 95-96. In response, she directed the FMS Chief to "ensure that the promotion is set aside" and to inform the appellant that "the promotion was in error." *Id*. at 96. The FMS Chief then issued the appellant a letter, dated January 18, 2022, stating that his promotion to the GS-12 Lead BESS position was processed in error and that it must be cancelled, and that the appellant owed a debt to the agency for the overpayment caused by his receipt of the higher level of pay since November 7, 2021. *Id*. at 94. The HR Specialist processed the cancellation of the appellant's promotion on or about January 24, 2022.[2] *Id*. at 45; IAF, Tab 21 at 17-18.

¶5          The appellant filed a Board appeal, challenging the agency's cancellation of his promotion. IAF, Tab 1. After finding that the appellant raised a nonfrivolous allegation of jurisdiction, IAF, Tab 13, the administrative judge held a jurisdictional hearing, issued an initial decision finding that the appellant did not prove the Board's jurisdiction by preponderant evidence, and dismissed the appeal for lack of jurisdiction, IAF, Tab 30, Initial Decision (ID). The appellant filed a petition for review arguing, among other things, that he established jurisdiction because his promotion actually occurred and he performed Lead BESS duties before the agency cancelled his promotion. Petition for Review (PFR) File, Tab 6 at 5-27. The agency responded in opposition to the appellant's petition for review. PFR File, Tab 8.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶6          The Board's jurisdiction is not plenary; it is limited to those matters over which it has been given jurisdiction by law, rule or regulation. *Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985). The appellant has the

---

[2] In May 2022, the FMS Chief informed the appellant that his appointment to the Lead BESS position would be rescinded and the vacancy re-announced as a result of the findings of the Administrative Investigative Board. IAF, Tab 9 at 18-19. As of the hearing, the agency had not selected another Lead BESS. IAF, Tab 28-4 (testimony of the appellant's first-line supervisor).

burden of establishing the Board's jurisdiction by a preponderance of the evidence. 5 C.F.R. § 1201.56(b)(2)(i)(A).

¶7    The general rule is that a reduction in an employee's grade level or rate of basic pay is appealable to the Board. *Deida v. Department of the Navy*, 110 M.S.P.R. 408, ¶¶ 9-10 (2009); *see* 5 U.S.C. §§ 7512(3), (4). To establish a prima facie case of jurisdiction over the agency's cancellation of his promotion as an appealable reduction in grade or basic pay, the appellant must show that: (1) the promotion actually occurred, that is, that it was approved by an authorized official aware that he or she was making a decision to promote the appellant; (2) he took some action denoting acceptance of the promotion; and (3) the promotion was not revoked before the appellant actually performed in the position.[3] *Deida*, 110 M.S.P.R. 408, ¶¶ 14, 16. As the administrative judge noted, neither party disputes that the appellant took action denoting acceptance of the promotion. ID at 9. Therefore, the issue is whether the appellant's promotion actually occurred, and if it did, whether the promotion was revoked before the appellant performed in the position. As set forth in detail below, we find that the appellant was actually promoted to the GS-12 Lead BESS position and performed in that position before the agency cancelled the promotion. Accordingly, we find that the appellant has established a prima facie case of jurisdiction.

---

[3] At the prehearing conference, the appellant requested that the administrative judge consider the jurisdictional standard set forth in *Levy v. Department of Labor*, 118 M.S.P.R. 619, ¶ 10 (2012), which held that, when the effective date precedes the date which the appellant technically enters onto duty, the appellant must show that: (1) the promotion actually occurred; (2) the appellant took some action denoting acceptance of the position; and (3) the promotion was not revoked before it became effective. IAF, Tab 24 at 2-3. The administrative judge considered the appellant's request but found that the modified standard set forth in *Levy* was based on a "unique set of facts" that were not present here. IAF, Tab 24 at 2-3. On review, the appellant challenges the administrative judge's declination to use the modified jurisdictional standard set forth in *Levy*. PFR File, Tab 6 at 23-24. We agree with the administrative judge that the modified standard in *Levy* does not apply here because the appellant reported to duty before the agency cancelled his promotion, and thus, the administrative judge correctly used the standard set forth in *Deida*, 110 M.S.P.R. 408, ¶ 14. ID at 8-10; IAF, Tab 24 at 2-3.

<u>The appellant's promotion actually occurred.</u>

¶8    Although the administrative judge acknowledged that the HR Specialist processed the appellant's promotion, and the record contained a Standard Form (SF) 50 reflecting the action, she found that the totality of the circumstances demonstrated that the appellant's promotion did not actually occur.  ID at 10-12.  Crediting the testimony of the FMS Chief, the administrative judge found that, on November 3, 2021, i.e., prior to the effective date of the promotion, the Associate Medical Center Director instructed the FMS Chief to delay the appellant's promotion, and the FMS Chief informed the appellant that his promotion was on hold.  *Id.*  Therefore, she found that there was no requisite "last act" by an official with appointment power.  ID at 11-12.  On review, the appellant argues that his promotion did occur, asserting, among other things, that the requisite last act occurred when the selecting official chose the appellant for the promotion and the HR Specialist effectuated the promotion.  PFR File, Tab 6 at 7-16.

¶9    No appointment of a Federal employee can occur in the absence of the "last act" required by the person or body vested with appointment power.  *McGovern v. Equal Employment Opportunity Commission*, 28 M.S.P.R. 689, 692 (1985) (citation omitted).  The Boad has found that, rather than relying solely on the absence or presence of an SF-50 in determining whether an appointment has been effected, it will examine the totality of the circumstances surrounding the appointment to determine whether the requisite last act of an official with appointment power has taken place.  *Scott v. Department of the Navy*, 8 M.S.P.R. 282, 287 (1981).  Thus, one of the dispositive issues to be considered is whether an official with the appropriate authority took, authorized, or ratified any action which reasonably could be said to have resulted in the appointment or promotion.  *Id.*

¶10    Here, we find that the appellant's promotion did actually occur.  The following facts are not in dispute: the selecting official, who was also the appellant's second-line supervisor, had been given the authority by the agency to

make a selection for the Lead BESS position and chose the appellant for the position. IAF, Tab 9 at 102, 127-28, Tab 28-5 (testimony of the appellant's second-line supervisor). The appellant accepted the offer, and the HR Specialist processed the promotion in accordance with the terms of the official job offer. IAF, Tab 9 at 102, 127-28, Tab 21 at 7-8, Tab 28-2 (testimony of the HR Specialist). Then, the appellant reported to the Lead BESS position on November 8, 2021, and occupied that position in both title and pay until the agency cancelled the promotion on or about January 24, 2022. IAF, Tab 9 at 45, 95-96, Tab 28-1 (testimony of the appellant). Even the agency recognized that the appellant's promotion actually occurred, as the FMS Chief stated in his January 18, 2022 letter to the appellant, "[o]n November 7, 2021, you were promoted to the Lead BESS position." IAF, Tab 9 at 94.

¶11    Therefore, even if the FMS Chief informed the appellant that his promotion was on hold on November 3, 2021, as found by the administrative judge, this fact is not dispositive as to whether the promotion actually occurred. ID at 10-12. Stated another way, even if the agency intended to delay the appellant's promotion and had informed the appellant of such plans, this fact does not negate the evidence in the record that clearly establishes that the appellant's promotion did, in fact, occur. Accordingly, we find that the appellant established by preponderant evidence the first element of his prima facie case of jurisdiction.

The appellant performed in the Lead BESS position before the agency revoked the promotion.

¶12    The administrative judge also found that, even if the promotion did actually occur, the appellant did not perform in the Lead BESS role before the agency revoked his promotion. ID at 12-14. Specifically, citing to testimony from the appellant's first- and second-line supervisor, the administrative judge found that the appellant did not perform the duties unique to the Lead BESS role. ID at 13-14. On review, the appellant challenged the administrative judge's credibility determinations, arguing that she omitted critical testimony establishing

that the appellant was performing as a Lead BESS until the cancellation of his promotion in January 2022. PFR File, Tab 6 at 23-26.

¶13 The Board must defer to an administrative judge's findings regarding credibility when, as here, they are based, either explicitly or implicitly, on observing the demeanor of witnesses testifying at a hearing, and the Board may overturn such determinations only when it has "sufficiently sound" reasons for doing so. *Haebe v. Department of Justice*, 288 F.3d 1288, 1301 (Fed. Cir. 2002). However, the Board has found that it does not owe deference to an administrative judge's credibility determinations when her findings are incomplete, inconsistent with the weight of the evidence, and do not reflect the record as a whole. *Thomas v. Department of the Army*, 2022 MSPB 35, ¶ 8. Upon review of the record, including the hearing testimony, we find that the administrative judge's credibility determinations do not accurately reflect the record and are inconsistent with the weight of the evidence, and the record as a whole. Therefore, we will not defer to them.

¶14 Specifically, the administrative judge found that the appellant did not perform the duties of a Lead BESS because he did not assign work to technicians and he did not attend weekly internal Lead BESS meetings. ID at 13-14. In his testimony, the appellant's first-line supervisor explained that he was instructed by his supervisor not to have the appellant attend the weekly internal Lead BESS meetings, or assign work to technicians, because these duties were visible to the other employees. IAF, Tab 28-4 (testimony of the appellant's first-line supervisor). However, the appellant's first-line supervisor also stated that the appellant performed other duties associated with the Lead BESS position, including attending external clinic meetings as a Lead BESS. *Id*. Furthermore, the appellant's first-line supervisor stated that the appellant was performing in the Lead BESS role until the agency cancelled his promotion in January 2022.[4] *Id*.

---

[4] The appellant's second-line supervisor testified that he did not recall seeing any work orders created by the appellant, but explained that the appellant's first-line supervisor would be in the best position to observe the appellant's daily duties. IAF, Tab 28-5

Furthermore, while the appellant's first-line supervisor knew there were issues with the appellant's promotion, there is no evidence that he was directed not to allow the appellant to perform any Lead BESS duties or that he was informed that the appellant was not to be considered a Lead BESS. IAF, Tab 28-4 (testimony of the appellant's first-line supervisor).

¶15    In addition to the testimony of the appellant's first-line supervisor, it simply stretches credulity that the appellant did not perform any Lead BESS duties despite reporting for duty and occupying that position in both title and pay for over 2 months.[5]  IAF, Tab 9 at 45, 102, Tab 21 at 17-18.  Furthermore, the appellant was listed in the agency's HR systems as the Lead BESS, and the agency knew, or should have known, that the appellant was occupying the Lead BESS position, as he included the position title in the signature block of his emails. IAF, Tab 9 at 95-98, Tab 28-1 (testimony of the appellant). Therefore, in light of the evidence in the record, we find that the appellant performed in the Lead BESS position before the agency cancelled his promotion.

_____

(testimony of the appellant's second-line supervisor).

[5] In challenging the administrative judge's credibility findings, the appellant attached two statements from co-workers supporting his testimony that his promotion was announced to staff, that individuals congratulated him, and that the appellant performed as the Lead BESS. PFR File, Tab 6 at 28-29. He also attached a copy of meeting notes from a staff meeting dated October 29, 2021, reflecting that the appellant had been selected as Lead BESS. *Id*. at 30-31. The appellant asserts that this evidence is new and material because the documents address the dispositive issues in this case, and he did not know that the administrative judge was going to "make assumptions" and use those assumptions to discredit his testimony. *Id*. at 18-19. Generally, the Board will not consider evidence submitted for the first time with the petition for review absent a showing that it was unavailable before the record was closed despite the party's due diligence. *Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980). Because these documents merely confirm what is already in the record, they do not impact our findings, and we need not consider them. The appellant may submit the documents on remand consistent with the Board's regulations and the administrative judge's instructions.

On remand, the administrative judge shall determine whether the appellant's promotion was an error contrary to law or regulation.

¶16    In conclusion, we find that that the appellant proved that his promotion did actually occur, he took action to denote its acceptance, and he performed in the position prior to its cancellation; therefore, he has made a prima facie case of jurisdiction. *Deida*, 110 M.S.P.R. 408, ¶ 14 (setting forth the elements for a prima facie case). Once an appellant has made a prima facie case of jurisdiction, the burden of production shifts to the agency to show that the promotion was an error contrary to law or regulation. *Id*., ¶ 16. If the agency makes such a showing, then the appellant will be afforded the chance to rebut the same as he bears the ultimate burden of proof on the issue of jurisdiction. *Id*., ¶ 17. If the promotion was made in error, contrary to law or regulation, then the Board lacks jurisdiction over the agency's action correcting that error. *Gessert v. Department of the Treasury*, 113 M.S.P.R. 329, ¶ 13 (2010); 5 C.F.R. § 752.401(15).

¶17    Because the administrative judge found that the appellant did not make a prima facie case of jurisdiction, she made no findings regarding whether the appellant's promotion was an error contrary to law or regulation. ID at 10-15. As the hearing officer, the administrative judge is in the best position to make any necessary factual findings and detailed credibility assessments. *Mastrullo v. Department of Labor*, 123 M.S.P.R. 110, ¶ 27 (2015). We therefore remand this appeal to the administrative judge to resolve this issue in the first instance.

**ORDER**

¶18    For the reasons discussed above, we remand this case to the Atlanta Regional Office for further adjudication in accordance with this Remand Order.

FOR THE BOARD:

*Gina K. Grippando*

_____
Gina K. Grippando
Clerk of the Board

Washington, D.C.